# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| MARY KAY WEISS, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 4:22-cv-00331 |
| EQUIFAX INFORMATION SERVICES, LLC and CREDIT MANAGEMENT, LP, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

**NOW COMES** Mary Kay Weiss ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendants Equifax Information Services, LLC ("Equifax") and Credit Management, LP, ("Credit Management") (collectively as "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 et seq., and Credit Management's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, FDCPA, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to Plaintiff's claims against Defendants occurred in the Northern District of Texas.

## PARTIES

4. Plaintiff is a consumer and a natural person over 18-years-of-age who, at all times relevant, is a consumer over the age of 21.

5. Defendant Credit Management is a Texas corporation with its principal place of business located at 6080 Tennyson Parkway, Suite 100 Plano, Texas. Credit Management is a third-party debt collector that is in the business of collecting debts owed or asserted to be owed or due to others. Credit Management is registered with the Texas Secretary of State and actively collects consumer debts in Texas. Credit Management is a furnisher of information to the major credit reporting agencies, including Equifax.

6. Defendant Equifax is a Georgia limited liability corporation with its principal place of business located in Texas. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Texas.

## FACTS SUPPORTING CAUSE OF ACTION

7. Prior to the events giving rise to this action, Plaintiff obtained a membership with Equifax to monitor her credit report.

8. On or around January 2022, Plaintiff noticed Credit Management began reporting a collection account owed to AllianceRx Walgreens Prime for $231.00 ("alleged subject debt").

9. Unfortunately, Credit Management had inaccurately reported the alleged subject debt to Plaintiff's Equifax credit report despite her not owing the subject debt.

10. At no point in time did Plaintiff receive services from AllianceRx Walgreens Prime that resulted in a balance still owed.

11. After receiving notice of the inaccurate reporting, Plaintiff placed an outgoing call to Credit Management to dispute the subject debt.

12. Specifically, Plaintiff was told by Credit Management that the alleged subject debt was reported in error and the Plaintiff had no outstanding accounts in its offices.

13. On January 20, 2022, Plaintiff mailed written disputes to Equifax to correct Credit Management's error on her credit report.

14. On February 9, 2022, Equifax reviewed and responded to Plaintiff's disputes, detailing that the subject account belonged to Plaintiff and it was reporting correctly.

15. Plaintiff was flabbergasted by Equifax's response as she was already told by Credit Management that the alleged subject debt did not belong to her and no other accounts were in its office for collection.

16. Upon information and belief, Credit Management received notice of Plaintiff's disputes and all relevant information from Equifax within five days of Equifax receiving Plaintiff's disputes. *See* 15 U.S. Code §1681i(a)(2).

17. Furthermore, Defendants' reporting of the inaccurate subject has prevented Plaintiff from receiving financial and credit opportunities for her personal use that she otherwise would have qualified for, but for Defendants inaccurate and materially misleading reporting of the subject debt.

18. Notwithstanding Plaintiff's disputes, Credit Management failed to conduct timely and reasonable investigations of Plaintiff's disputes after being put on notice of erroneous credit reporting of the subject debt in Plaintiff's credit file from Equifax.

19. The reporting of the subject debt was inaccurate and materially misleading because Credit Management had previously confirmed with Plaintiff that the subject debt was not owed by Plaintiff at any point in time.

## IMPACT OF CONTINUING
## INACCURATE REPORTING ON PLAINTIFF'S CREDIT FILE

20. The erroneous reporting of the Credit Management account paints a false and damaging image of Plaintiff. After it was provided notice by Plaintiff and Equifax, Credit Management did not update its trade line to accurately reflect that Plaintiff did not owe the alleged subject debt.

21. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

22. The inaccurate reporting of subject debt had significant adverse effects on Plaintiff's credit rating because it created a false impression that Plaintiff was still personally liable and obligated to pay on the subject debt, rendering Plaintiff a high risk consumer and damaging her creditworthiness.

23. As a result of the conduct, actions, and inaction of Credit Management, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit opportunity, the loss of ability to purchase and benefit from a credit line, increased interest rates, expenses arising from local telephone calls, tracking the status of her disputes, monitoring her credit files, and mental and emotional pain and suffering.

24. Due to the conduct of Credit Management, Plaintiff was forced to retain counsel to correct the inaccuracies in her credit file.

## COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (Against Equifax)

25. Plaintiff restates and realleges all paragraphs 1 through 24 as though fully set forth herein.

26. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

27. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

28. At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

29. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

30. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

31. The FCRA requires the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

32. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the disputed information within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

33. Plaintiff provided Equifax with all relevant information and documentation in her dispute to support her contention that the disputed account was reporting inaccurately.

34. A cursory review of the evidence submitted by Plaintiff would have confirmed that the disputed account was reporting inaccurately.

35. Equifax failed to conduct a meaningful investigation into Plaintiff's dispute. Instead, it continued to blindly report the false information provided to it by Credit Management.

36. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished concerning Plaintiff.

37. Equifax repeatedly distributed patently false and materially misleading consumer reports concerning Plaintiff to third parties.

38. Equifax failed to follow reasonable procedures to assure maximum possible accuracy by repeatedly ignoring the evidence provided by Plaintiff and blindly accepting erroneous information furnished to it by Credit Management as accurate.

39. Had Equifax followed reasonable procedures to assure maximum possible accuracy, it would have reviewed the dispute and evidence submitted by Plaintiff and promptly discovered that the disputed account was reporting inaccurately. Instead, Equifax repeatedly accepted erroneous information as true and continued the reporting of the erroneous information pertaining to the disputed account.

40. Equifax should have implemented procedures and safeguards to prevent the repeated reporting inaccurate information regarding the account.

41. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to (1) conduct a reasonable investigation into Plaintiff's dispute and (2) modify the account to report accurately on Plaintiff's credit file.

42. Had Equifax conducted a reasonable investigation into Plaintiff's valid dispute, it would have promptly determined that the disputed account was reporting incorrectly.

43. Equifax took no meaningful action to determine whether the disputed account was reporting incorrectly and blindly reported the same with no regard to its accuracy.

44. At very minimum, Equifax should have requested that Credit Management provide proof that their reporting was accurate. Instead, Equifax continued to recklessly report false and unreliable information regarding the account.

45. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide adequate notification of Plaintiff's dispute to Credit Management. Upon information and belief, Equifax may have failed to forward all relevant information provided by Plaintiff to Credit Management.

46. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the disputed account.

47. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to modify the disputed account that was the subject of Plaintiff's dispute after Plaintiff submitted compelling evidence that the disputed account was reporting inaccurately.

48. Equifax had actual knowledge that the erroneous reporting of the disputed account would have a significant adverse effect on Plaintiff's credit worthiness and ability to obtain credit.

49. Despite having actual knowledge that Plaintiff's credit file contained erroneous information, Equifax readily distributed Plaintiff's inaccurate and misleading credit reports to one or more third parties, thereby misrepresenting facts about Plaintiff and Plaintiff's creditworthiness.

50. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard of its duty to report accurate and complete consumer credit information.

51. It is Equifax's regular business practice to blindly report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

52. Equifax's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its mistreatment of Plaintiff.

53. Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own convenience above its grave responsibility to report accurate consumer data.

54. As stated above, Plaintiff was significantly harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff, MARY KAY WEISS, prays for the following relief:

a. A finding that Equifax's conduct as set forth herein violated the FCRA;

b. An Order enjoining Equifax from reporting the fraudulent account;

c. An award of compensatory damages to Plaintiff to be determined by the jury;

d. An award of statutory damages of $1,000.00 for each violation of the FCRA;

e. An award of punitive damages to be determined by the jury; and

f. An award of reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (Against Credit Management)

55. Plaintiff restates and reallages paragraphs 1 through 54 as though fully set forth herein.

56. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

57. Credit Management is a "person" as defined by 15 U.S.C. §1681a(b).

58. Credit Management is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

59. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

8

60. Credit Management violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax and Plaintiff.

61. Credit Management violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

62. Had Credit Management reviewed the information provided by Equifax and Plaintiff, it would have corrected the inaccurate designation of the subject debt, transmitting the correct information to Equifax. Instead, Credit Management wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

63. Credit Management violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's disputes with Equifax.

64. Credit Management violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the subject debt.

65. Credit Management violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's credit files.

66. Credit Management failed to conduct a reasonable investigation of its reporting of the subject debt, record that the information was disputed, or delete the inaccurate information from Plaintiff's credit files within 30 days of receiving notice of the disputes from Equifax under 15 U.S.C. §1681i(a)(1).

67. Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, Credit Management did not correct the errors or trade line to report accurately.

Instead, Credit Management wrongfully furnished and reported the inaccurate and misleading information after Plaintiff's disputes to one or more third parties.

68. A reasonable investigation by Credit Management would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information continues to be reported in Plaintiff's credit files.

69. Had Credit Management taken steps to investigate Plaintiff's valid disputes or Equifax's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

70. By deviating from the standards established by the debt collection industry and the FCRA, Credit Management acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

**WHEREFORE,** Plaintiff MARY KAY WEISS respectfully prays this Honorable Court for the following relief:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. An order directing that Credit Management immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;
   c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
   d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
   e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
   f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
   g. Award any other relief as this Honorable Court deems just and appropriate.

**COUNT III – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(AGAINST CREDIT MANAGEMENT)**

71. Plaintiff restates and realleges paragraphs 1 through 70 as though fully set forth herein.

72. The Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

73. The subject debt qualifies as a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

74. Credit Management qualifies as a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

75. Credit Management qualifies as a "debt collector" because it acquired rights to the subject debt after it was in default or in the alternative, treated the subject debt as if it was in default. 15 U.S.C. §1692a(6).

76. Credit Management's communications to Plaintiff were made in connection with a collection of the subject debt.

77. Credit Management violated 15 U.S.C. §§1692e(2), e(8), e(10), f, and f(1), through its debt collection efforts on the subject debt.

   a. **Violations of FDCPA § 1692e**

78. Credit Management violated §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the time Credit Management began reporting the subject debt because it was not Plaintiff's subject debt. Specifically, Plaintiff did not have any legal or personal obligation to pay Credit Management since she never received services from AllianceRx Walgreens Prime at any point resulting in a balance owed.

79. Credit Management violated §1692e(8) by threatening and communicating patently false credit information to Equifax that it knew, or should have known, to be false by inaccurately reporting the subject debt as in collections and a high balance. This information was inaccurate and misleading because Plaintiff had no obligations to pay Credit Management or the subject debt.

80. Credit Management had actual knowledge that the subject debt was false because it received notices of Plaintiff's disputes from Plaintiff and Equifax.

81. Credit Management violated §1692e(10) when it used false representations and/or deceptive means to collect and/or attempt to collect the subject debt. The subject debt was not owed by Plaintiff at the time Credit Management began reporting the subject debt.

  b. **Violations of FDCPA § 1692f**

82. Credit Management violated §1692f when it used unfair and unconscionable means to collect the subject debt. The subject debt was not owed at the time Credit Management demanded payment and continued to report Plaintiff in collections with a high balance. Plaintiff did not have any legal obligation to pay Credit Management as the subject debt did not belong to her. Instead, Credit Management tried to dragoon Plaintiff into making a payment by attempting to mislead her into believing that she is delinquent on the subject debt and is still obligated to make payment on the subject debt.

83. Credit Management violated §1692f(1) by attempting to collect a debt that was not owed by Plaintiff.

84. Credit Management attempted to coerce and induce the Plaintiff into paying a debt that was not legally owed.

85. As an experienced debt collector, Credit Management knew or should have known the ramifications of collecting on a debt not owed.

86. Upon information and belief, Credit Management has no system in place to identify and cease collection of debts that were paid in full.

87. As stated above, Plaintiff was severely harmed by Credit Management's conduct.

**WHEREFORE**, Plaintiff MARY KAY WEISS respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: April 19, 2022

Respectfully Submitted,

/s/ Marwan R. Daher

Marwan R. Daher, Esq.
Counsel for Plaintiff
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com